ANTOON, Judge.
Dennis Ross appeals the trial court’s order denying his motion for postconviction relief alleging ineffective assistance of counsel.[1] Mr. Ross’ sole argument on appeal is that the trial court erred in concluding that his trial counsel did not have a conflict of interest which deprived him of his Sixth Amendment right to receive effective assistance of counsel.[2] We affirm.
The trial court appointed counsel to defend Mr. Ross against criminal charges which resulted in his conviction of five counts of sexual battery on a child under sixteen years of age.[3] Before being appointed to defend Mr. Ross, trial counsel had also been appointed to represent Diane Campbell, the mother of Mr. Ross’ victim, regarding contempt of court charges in an unrelated case. Trial counsel’s representation of Ms. Campbell was brief, limited in scope, and had concluded more than three months before counsel was appointed to represent Mr. Ross. Trial counsel advised Mr. Ross of his prior representation of Ms. Campbell, and Mr. Ross waived any objection.
A defendant alleging ineffective assistance of counsel is not entitled to receive a new trial unless trial counsel’s performance was deficient, and the deficient performance prejudiced the defendant’s ease. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice will be presumed when counsel has a conflict of interest “only if the defendant demonstrates that counsel ‘actively represented conflicting interests’ and that ‘an actual conflict of interest adversely affected his lawyer’s performance.’” Id. at 692, 104 S.Ct. 2052 (quoting Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). An actual conflict occurs if the defendant’s interests diverge with respect to the interests of another client represented by the defendant’s attorney. See Burnside v. State, 656 So.2d 241, 243 (Fla. 5th DCA 1995).
Here, Mr. Ross has failed to show that his attorney’s representation of Ms. Campbell created a conflict of interest, or that he was prejudiced by trial counsel’s representation. Therefore, he is not entitled to receive post-conviction relief. See Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
AFFIRMED.
GRIFFIN, C.J., and COBB, J., concur.

. See Fla. R.Crim. P. 3.850.

. U.S. Const, amend VI.

. § 800.04(2), Fla. Stat. (1991).